UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STANLEY COOK, KERIONNA BRADLEY, KENNEDY PRADER, DARION WINTERS, TERRANCE BRUSTER, DONALD JOHNSON, CHRISTIAN FLORES, DAMON PERRILLOUX, II, OLIVIA JOHNSON, LANISHA BRUSTER, RASHARD JOHNSON, HOLDINE PABLO, DARIOEN BUCHANAN, individually and on behalf of all others similarly situated,<br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>FLIGHT SERVICES & SYSTEMS, INC.<br>　　　　　　　　　　Defendant. | * * * * * * * * * * * * * * * * * | CASE NO.: 2:16-cv-15759<br><br>SECTION: H (3)<br><br><br><br><br>JURY TRIAL DEMANDED |

************************************************************************

## FIRST AMENDED COMPLAINT – COLLECTIVE ACTION

Plaintiffs, Stanley Cook, Kerionna Bradley, Kennedy Prader, Darion Winters, Terrance Bruster, Donald Johnson, Christian Flores, Damon Perrilloux, II, Olivia Johnson, Lanisha Bruster, Rashard Johnson, Holdine Pablo and Darioen Buchanan, on behalf of themselves and all others similarly situated, hereby file this First Amended Complaint against Defendant, Flight Services & Systems, Inc., and respectfully allege as follows:

### INTRODUCTION

1. Plaintiffs, individually and collectively, bring this lawsuit as a representative action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of themselves and all other similarly situated current and former employees of Defendant for, *inter alia*, unpaid wages, either minimum wage and/or overtime wages, liquidated damages, and attorney's fees and costs.

1

## THE PARTIES

2. Plaintiffs are each individuals residing in the Eastern District of Louisiana and formerly were employed with Defendant and paid on an hourly basis. Copies of their consents to join were previously attached to the original Complaint as Exhibits 1-13.

3. Defendant, Flight Services & Systems, Inc. is a foreign corporation and may be served through its registered agent for service of process: **5615 Corporate Blvd, Ste. 400B, Baton Rouge, LA 70808.** Flight Services is an "employer" within the meaning of the FLSA.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

5. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

6. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA and, upon information and belief, had more than $500,000 in annual gross revenues. Defendant provides services to airlines at numerous airports across the United States.

7. Plaintiffs formerly were employed with Flight Services as non-exempt ramp agents and/or in other non-exempt positions and were to be paid on an hourly basis for all hours worked and overtime for hours worked over forty (40) in a workweek.

8. Defendant classified Plaintiffs and similarly situated hourly employees as non-exempt and entitled to at least minimum wage for hours worked under 40 per workweek and overtime pay for hours worked over 40 per workweek under the FLSA.

9. Plaintiffs and similarly-situated individuals had their actual hours worked randomly cut by Defendant, despite having worked these hours, to meet budget, profit margins and other of Defendant's pay policies. These cuts were the result of several FSS policies which included, but were not limited to: (i) requiring managers to attain a 20% profit margin; (ii) a policy and instruction not to allow employees to work more than 30 hours per week so as to, upon information and belief, avoid the application of the Affordable Care Act ("ACA"); and (iii) deducting for time spent on the job site engaged to wait or when the defendant felt the work performed took longer than anticipated. These policies, which were universal throughout the country, resulted in Plaintiffs and those similarly situated working "off the clock." As a result, Plaintiffs and those similarly situated were not paid minimum wage and/or overtime for those hours actually worked.

10. Defendant also required Plaintiffs to undergo certain types of job-related training. Some of this training was online and some of it was in person in town or out of town. Defendant, however, did not pay Plaintiffs for all the time spent in training even though it was work related and not voluntary.

11. On numerous occasions, Plaintiffs and those who are similarly situated throughout the country were provided paychecks that did not reflect the correct number of hours actually worked.

12. The Department of Labor ("DOL") previously investigated Defendant's pay practices and, in or around 2012, required Defendant to pay back wages and penalties to

3

employees because it had violated the FLSA by (i) making improper deductions from employees' paychecks for uniforms, and (ii) failing to maintain accurate records of employees' wages and work hours. Moreover, the United States Department of Labor ("DOL") also opened an investigation in or around September 2015 based on Defendant's other violations of the FLSA. Therefore, at all times herein FSS was familiar with the requirements of the FLSA concerning pay for hours worked.

13. Defendant purposely did not provide itemized checks to Plaintiffs and similarly-situated individuals, which was designed to prevent them from verifying the accuracy of their compensation.

14. Plaintiffs and similarly-situated individuals complained to Defendant that they were not being paid for all hours worked, but Defendant still refused to pay the promised compensation. Specifically, Plaintiffs and similarly-situated individuals complained about not receiving all compensation owed to individuals in Defendant's centralized human resources and payroll departments, as well as to Defendant's General Managers throughout the country.

15. Defendant has violated the rights of Plaintiffs and similarly situated individuals under the FLSA by denying them compensation for all hours worked.

16. Defendant's denial of legal wages for time spent working or in training to Plaintiffs and similarly situated individuals is, and has been, willful and deliberate.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring these claims under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and all persons who have worked as non-exempt employees for Defendant and who were not paid for all hours actually worked under forty (40), and for any overtime compensation for all hours actually worked over forty (40) in a workweek.

18. Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of unlawfully failing to pay for all hours worked in a workweek.

19. Upon information and belief, Defendant has operated under a scheme to deprive Plaintiffs and other similarly situated employees of their requisite compensation by failing to compensate them for all hours worked as described above.

20. Defendant is liable under the FLSA for, *inter alia*, not paying Plaintiffs and similarly situated individuals for all hours worked. There are other similarly situated individuals who would benefit from the issuance of Court-supervised notice and the opportunity to join this lawsuit. These similarly situated individuals are known to Defendant, are readily identifiable, and can be located through Defendant's records.

**FIRST CAUSE OF ACTION**
(Violations of the FLSA – Failure to Pay for hours worked at either minimum wage and/or overtime)

21. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

22. The FLSA requires employers to pay all non-exempt employees at least minimum wage for all hours worked, including time spent in job related training, and one and one-half (1 ½) times their regular rate of pay for all hours worked over forty (40) in a workweek.

23. Defendant has violated the requirements of the FLSA by engaging in practices, and implementing policies, that have deprived Plaintiffs and similarly situated individuals of lawful compensation. Defendant has operated under a scheme to deprive these employees of the requisite compensation by failing to compensate Plaintiffs and similarly situated individuals at all for all hours actually worked.

24. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA.

25. As a result of Defendant's unlawful conduct, Plaintiffs and similarly situated individuals are entitled to damages equal to the amount of all uncompensated work time, whether as part of work under 40 hours or over 40 hours in a workweek, within the three years preceding the filing of this Complaint and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

## **DEMAND FOR JURY**

26. Plaintiffs hereby demand a trial by jury for all issues triable by a jury in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, having set forth their Complaint, Plaintiffs respectfully request that this Court:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendant willfully violated the rights of Plaintiffs and similarly situated individuals under the FLSA;

(b) Award Plaintiffs and similarly situated individuals unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to them under the FLSA;

(c) Award attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by law; and

(d) Award any other legal and equitable relief that this Court deems just and proper.

**(Signature line on next page)**

Dated: December 27, 2016                    Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  *s/Christopher L. Williams*
     Christopher L. Williams
     La. Bar Roll No. 32269
     639 Loyola Ave., Suite 1850
     New Orleans, LA 70113
     Telephone: 504.308.1438
     Fax: 504.308.1446
     Email:  chris@williamslitigation.com

**AND**

MICHAEL T. TUSA, JR. (#02154)
SUTTON, ALKER & RATHER, LLC
4080 Lonesome Road, Suite A
Mandeville, Louisiana 70448
Telephone: (985) 727-7501
Facsimile: (985) 727-7505
Email:  mtusa@sutton-alker.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2016 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

                                        s/Christopher L. Williams
                                        Christopher L. Williams