IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STANLEY COOK, individually and on behalf of all other similarly situated, ) ) ) Plaintiffs, ) v. ) ) FLIGHT SERVICES & SYSTEMS, INC., ) ) Defendant. ) | CIVIL ACTION NO. 2:16-cv-15759 JUDGE: JANE TRICHE MILAZZO MAG: DANIEL E. KNOWLES, III |

DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant Flight Services & Systems, Inc. ("Defendant" or "FSS") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I. INTRODUCTION

Plaintiffs assert a cause of action against Defendant Flight Services & Systems, Inc. ("Defendant" or "FSS") for failure to pay minimum wage and overtime under the Fair Labor Standards Act ("FLSA"), based on Plaintiffs' allegations that they were not paid for all the hours they worked, including both straight-time and overtime. Amended Complaint (Rec. Doc. 23) at ¶1. Plaintiffs' conclusory allegations, however, cannot plausibly give rise to a claim for relief under the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

On December 27, 2016, Plaintiffs filed their "Amended Complaint – Collective Action" (the "Amended Complaint"), as a matter of right under Fed. R. Civ. P. 15(A)(1)(b). The Amended Complaint substantively adds very little as compared to the initial Complaint. The clear majority

1

of amendments are minor word changes that do little or nothing to address the deficiencies argued by Defendant's original Motion to Dismiss. (Rec. Doc. No. 10, Defendant's Motion to Dismiss, filed Dec. 5, 2016.) Plaintiffs' Amended Complaint at paragraph 9 adds nine lines of text alleging Defendant's knowledge and intent when it allegedly committed these FLSA violations. The additional allegations are in no way responsive to the deficiencies noted in Defendant's original Motion to Dismiss. Paragraph 10 of Plaintiffs' Amended Complaint is the only paragraph containing new facts. Paragraph 10 alleges Defendant failed to pay plaintiffs for their time when performing job-related training. Again, this additional allegation does not respond to the deficiencies noted in Defendant's original Motion to Dismiss. The third change of note is in Amended Complaint's paragraph 14 wherein Plaintiffs allege Defendant's failure to properly compensate the putative collective members was the result of Defendant's "centralized human resources and payroll departments, as well as to Defendant's General Managers throughout the country." (Compare, Original Complaint (Rec. Doc. 1) at ¶13, which alleges the failure to comply with FLSA was due to General Managers Buerger and Ramjattan.) The remainder of the amendments to the Original Complaint are merely clerical in nature and substantively add nothing to the Complaint, nor do they address the deficiencies previously argued in Defendant's Motion to Dismiss.

Despite Plaintiff's amendments to their Complaint, Plaintiffs still fail to allege any facts in support of their bare allegation that they regularly worked more than 40 hours in a workweek, such as identifying how often they worked more than 40 hours in a workweek and how many hours over 40 they worked during those weeks; their rate of pay and the wage they claim they were paid that was less than the minimum wage; and any dates over which they allegedly were underpaid. Plaintiffs also fail to sufficiently plead collective wage and hour violations, as they

allege insufficient facts describing "similarly situated" individuals. Although thirteen Plaintiffs are identified in the Amended Complaint and allegedly are suing individually, none of the Plaintiffs are pled as individuals. None of them identify when they worked for FSS or what positions they held at FSS, whether as a "ramp agent" or as an "other non-exempt position," as vaguely alleged in paragraph 7 of their Amended Complaint. Nor do any of the individual plaintiffs allege the number of hours of regular time or overtime that they are allegedly owed. The specificity of time (regular v. overtime) is necessary in this matter because FSS may be exempt from the FLSA claims alleged by Plaintiffs. See, generally, 29 U.S.C. §213(b); and, 45 U.S.C. 181, *et seq*. In the absence of any specific allegations, Plaintiffs' allegations fall woefully short of a plausible showing that FSS violated the FLSA. Accordingly, FSS is simply left guessing as to the basis for Plaintiff's FLSA claim.

Further, because Plaintiffs fail to state a claim upon which relief can be granted, they lack standing to bring their claim under the FLSA as a collective action. The purported collective action alleged in the Amended Complaint therefore also must be dismissed. For these reasons, and the other reasons discussed below, Plaintiffs fail to state a claim upon which relief can be granted.

II. FACTS

Despite the broad and argumentative allegations throughout the Amended Complaint that FSS failed to pay Plaintiffs and other putative class members minimum wage or for overtime hours worked, the facts alleged by Plaintiffs only reveal the following:

1. Plaintiffs were formerly employed with FSS as a non-exempt "ramp agents" and/or in other non-exempt positions. (Amended Complaint [Rec. Doc. 23], ¶7.)

2. Plaintiffs are "similarly situated employees" because they were all classified as

3

2839826-1

non-exempt by FSS and, allegedly, had their hours cut randomly by FSS. (Id., ¶¶8, 9.)

3. Plaintiff and similarly situated individuals have not been paid for all hours worked under forty (40), and overtime for all time worked over forty (40). (*Id.*, ¶16.)

4. Plaintiffs' paychecks did not reflect the correct number of hours worked. (Id., ¶¶9, 10, 11, 13, 14.)

5. FSS' denial of wages and overtime compensation to Plaintiff and similarly situated individuals was "willful" (Id., ¶16), and FSS' conduct constitutes a willful violation of the FLSA. (Id., ¶24.)

6. Plaintiffs are "similarly situated" because they have "substantially similar job requirements and pay provisions." (Id., ¶ 18.)

7. Plaintiffs also are "similarly situated" because they are subject to "Defendant's common practice, policy, or plan of unlawfully failing to pay minimum wage and overtime compensation for all hours over 40 worked in one week. (Id., ¶19.)

III. LEGAL ARGUMENT

A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a cause of action if a plaintiff's Amended Complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) requires a pleading to contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Complaint may be dismissed pursuant to Rule 12(b)(6) for failure to satisfy the federal notice pleading standard set forth in Rule 8. See, *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 Fed. Appx. 988, 990 (5th Cir. 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1203 (3d ed. 2004) ("[T]he form and sufficiency of a

4

statement of a claim for relief under Rule 8(a)(2) may be tested by a motion to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6) * * *.")).

Although a Complaint does not need "detailed factual allegations," more than labels and conclusions are necessary, and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal citations and quotations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Courts do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 695 (5th Cir. 2005)). That is, the Complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation," and a plaintiff may not rely on mere "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 500 U.S. at 557). See, also, *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (elements of a plaintiff's claim(s) "must be addressed by allegations in the Complaint sufficient to give fair notice to a defendant").

Further, to survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead enough facts to, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief,'" and thus is inadequate. Id., (quoting *Twombly*, 550 U.S. at 557). Further, to survive a motion to dismiss, the face of the Complaint must contain enough factual matter to raise a reasonable

5

expectation that discovery will reveal evidence of *each element* of the plaintiff's claim. *Lormand v.US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

  B.  Plaintiff's FLSA Claim Fails as a Matter of Law Pursuant to
     Fed. R. Civ. P. 12(b)(6).

    1.  <u>Plaintiff Fails to Allege FLSA Violations with Sufficient Particularity.</u>

Plaintiffs' allegations in support of their FLSA claim are insufficient to satisfy the federal notice pleading standard of Rule 8, as they fail to allege elements of a cause of action under the FLSA. Where Plaintiff does allege other elements of a cause of action, he makes a mere "formulaic recitation of the elements" which does not suffice to establish this cause of action. See, *Twombly*, 550 U.S. at 570.

"[I]n order to state a claim for unpaid overtime or minimum wages under the FLSA, a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid * * * periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime [or minimum wage] requirements; and (4) the amount of overtime [or minimum wage] compensation due." *Mejia v. Bros. Petroleum, LLC*, E.D. La. No. 12-2842, 2015 U.S. Dist. LEXIS 74339, at *10 (E.D. La. June 9, 2015) (quoting *Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)). See, also, *Solis v. Time Warner Cable San Antonio, L.P.*, W.D.Tex. No. 10-CA-0231 XR, 2010 U.S. Dist. LEXIS 69876, at *3-5 (W.D. Tex. July 13, 2010) (Court held that the plaintiff's original complaint contained boilerplate allegations of FLSA violations; however, "[p]laintiff's amended complaint identifies the employees related to the claim, their job duties, their job titles, and how they were paid[,]" and, thus, was sufficiently pled to survive a motion to dismiss); *Qureshi v. Panjwani*, S.D.Tex. No. H-08-3154, 2009 U.S. Dist. LEXIS 48142, *5-7 (S.D. Tex. June 9, 2009) (Plaintiffs made detailed allegations regarding their job positions, dates worked in

6

those positions, hours worked per week, and rates of pay, which were sufficient facts to state a claim upon which relief could be granted in FLSA action). Regarding minimum wage provisions, the *Jones* court stated:

> The language of the FLSA's minimum wage provision establishes the elements that should be alleged in order to survive a motion to dismiss. 29 U.S.C. § 206(a) provides: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce . . . wages at the following rates . . . [$ 5.15 per hour]." Thus, "where the plaintiff alleges violations of the FLSA's minimum . . . wage provision[], the complaint should, at least approximately, allege the [**18] hours worked for which these wages were not received." *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). Moreover, "where a plaintiff brings an FLSA claim 'for and [o]n behalf of himself . . . and other employees similarly situated,' the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." Id. (citing 29 U.S.C. § 216(b)).

*Jones v. Casey's Gen. Stores*, 538 F.Supp.2d 1094 (S.D.Iowa 2008).

While FSS acknowledges that plaintiffs are not required to plead specific instances of unpaid overtime, ***some*** factual allegations are required. See, *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88-91 (2nd Cir. 2013) ("[I]t is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place. Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations.")

Here, Plaintiffs fail to allege any basic facts to show that FSS violated overtime or minimum wage requirements, or the amount of compensation allegedly owed to them. The allegations in plaintiffs' Amended Complaint is boilerplate and insufficient to state a claim upon which relief can be granted. Plaintiffs failure to plead the approximate hours per week they claim to have worked, regular and/or overtime for which they were not paid, the period over which they allegedly worked such hours, and their rate of pay or position during those times is fatal to their Amended Complaint. Of the thirteen plaintiffs identified in the Amended Complaint's caption, not

7

one plaintiff is individually pled or identified within the allegations of the Amended Complaint. Plaintiffs' allegations thus fall short of the pleading standard required by Rule 8, and warrant dismissal under Rule 12(b)(6).

      a.    Plaintiffs Failed to Allege Sufficient Facts Regarding the Hours Worked for Which They Were Not Paid, and Therefore Do Not Adequately Allege that FSS Violated the FLSA or the Amount of Compensation Owed.

Although Plaintiffs allege that they are entitled to unpaid wages and overtime under the FLSA, the Amended Complaint does not state the number of hours, even approximately, for which they allegedly were not paid. Nor do Plaintiffs allege, even approximately, the date range over which they claim they were under-compensated or their rate of pay. Instead, Plaintiffs' allegations are simply that they and others have not been paid for all the hours they worked. (Rec. Doc. 23, ¶¶18-19). These allegations leave FSS insufficiently plead Plaintiffs' FLSA claim, and do not sufficiently state a violation of the FLSA.

While courts in this jurisdiction have not required plaintiffs to allege exact date ranges or number of hours worked for which they allege they were not compensated, they do expect a plaintiff's allegations to at least put defendants on notice as to approximate dates and hours worked. *Mejia*, E.D.La. No. 12-2842, 2015 U.S. Dist. LEXIS 74339, at *18-19 (finding that plaintiffs adequately pleaded the uncompensated overtime element of their FLSA claim because they alleged that they worked approximately 70-80 hours per week before July of 2012, and then approximately 50 hours per week thereafter, without receiving overtime pay). Here plaintiffs as a collective have not alleged any approximation of dates, and only alleged a generalized failure of FSS to pay for hours worked up to and over forty hours. This is insufficient. See, generally, *Anderson v. Blockbuster, Inc.*, CA No. 10-158, 2010 U.S. Dist. LEXIS 53854, *6-7 (E.D. Cal. May 4, 2010) (general allegations that plaintiff worked more than 40 hours per week and

8

defendants "willfully failed to pay all overtime" were "no more than conclusions [and]. . .not entitled to the assumption of truth").

Courts in other jurisdictions also routinely hold that to state a claim for relief under the FLSA, a plaintiff must allege, at least approximately, the number of hours they worked per week and the timeframe in which such hours were worked. See, *DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 509 (E.D.N.Y. 2011) (holding that plaintiffs "must provide at least some approximation of the overtime hours that defendants required them to work and a time frame for when those hours were worked"); *Zhang v. L.G. Apparel Inc.*, E.D.N.Y. No. 09-CV-3240, 2011 U.S. Dist. LEXIS 26816, at *4 (E.D.N.Y. Feb. 18, 2011) ("At a minimum, an FLSA complaint 'must set forth the approximate number of unpaid regular and overtime hours allegedly worked.'") quoting, *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, S.D.N.Y. 10 Civ. 2661, 2011 U.S. Dist. LEXIS 8585, at *21 (S.D.N.Y. Jan. 28, 2011); *Mell v. GNC Corp.*, W.D.Pa. No. 10-945, 2010 U.S. Dist. LEXIS 118938, at *8-9 (W.D. Pa. Nov. 9, 2010) (finding that where plaintiffs failed to allege approximately how many hour each week they worked without being paid, the facts alleged by plaintiffs failed to establish a right to relief). Specificity in the complaint permits a defendant to evaluate a plaintiff's claim - both its likelihood of success and the potential amount of any recovery. *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). Indeed, "more is required of a plaintiff than an 'all purpose pleading template' with allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action." *Coleman v. John Moore Servs., Inc.*, S.D.Tex. No. H-13-2090, 2014 U.S. Dist. LEXIS 1501, at *10 (S.D. Tex. Jan. 7, 2014) (granting motion to dismiss plaintiff's FLSA claim where complaint merely alleged that Plaintiff worked "in excess of forty

9

(40) hours" during "one or more weeks" of his employment).

Nor are Plaintiffs' bare allegations that they were not paid for hours under forty hours or that they were regularly not paid for hours over forty sufficient to support their FLSA claim, as expressly held recently by numerous circuit courts. In *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012), the court held that allegations that plaintiffs "regularly worked hours over 40 in a week and were not compensated for such time" were insufficient to state a claim under *Twombly* and *Iqbal* because such allegations were "threadbare," "speculative," and "little more than a paraphrase of the statute." Similarly, in *DeJesus,* 726 F.3d 85, 86, 89, the court held that plaintiff's allegation that she worked "more than forty hours per week during 'some or all weeks'" was inadequate because it was "devoid of any numbers to consider beyond those plucked from the statute." And, as the court stated in *Zhang*, in rejecting a similar complaint as insufficient:

> Plaintiff's complaint here states only that "she worked over forty (40) hours per week" and "often worked over ten (10) hours per day." The Amended Complaint says nothing about how much she was compensated for the hours she worked or even approximately how many overtime hours she worked. This deficiency is another reason to deny plaintiff's motion.

E.D.N.Y. No. 09-CV-3240, 2011 U.S. Dist. LEXIS 26816, at *10-11 (internal citations and quotations omitted). See, also, *Anderson,* CA No. 10-158, 2010 U.S. Dist. LEXIS 53854, *6-7 (plaintiff's general allegation that he worked more than 40 hours per week was mere conclusion that was "not entitled to the assumption of truth") (quoting *Iqbal*, 556 U.S. 664).

Additionally, a claim under the FLSA "should indicate the applicable rate of pay and the amount of unpaid minimum or overtime wages due," particularly where the earnings a plaintiff alleges he is owed cannot be readily determined from his statements regarding his pertinent salary and working hours. *Zhong*, 498 F. Supp. 2d at 629. Here, Plaintiffs wholly fails to

10

2839826-1

allege their rates of pay, which, in conjunction with their other failures to allege their working hours, makes it impossible to determine from the face of the Amended Complaint the regular or overtime compensation Plaintiffs claim to be owed. It also is impossible to determine from the face of the Amended Complaint whether Plaintiffs' claim that they were paid below minimum wage is plausible.

Taken together, the factual allegations noticeably absent from Plaintiff's Amended Complaint render it wholly inadequate. The Amended Complaint should be dismissed accordingly.

>b. The Amended Complaint is inadequate because the applicability of the FLSA overtime provisions cannot be determined from the allegations.

The infirmity of the Amended Complaint is further illustrated by the fact that FSS is unable to determine, from the face of the Amended Complaint, whether and to what extent the FLSA even applies here. Plaintiffs' failure to clearly state how much, if any, of their claim consists of overtime hours makes it impossible for the defendant to determine whether an exemption from FLSA overtime rules applies. Section 13(b)(3) of the FLSA [29 USC §213(b)(3)] provides that,

> (b) Maximum hour requirements. The provisions of section 7 [29 USCS §207] shall not apply with respect to--
>
> (1) any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, 1935 [49 USCS § 31502]; or
>
> (2) any employee of an employer engaged in the operation of a rail carrier subject to part A of subtitle IV of title 49, United States Code [49 USCS §§ 10101 et seq.]; or
>
> (3) **any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act**…

(Emphasis added).

Thus, any carrier subject to the Railway Labor Act ("RLA") is exempt from the application of the FLSA's overtime rules (although not its minimum wage rules). In *Roca v. Alphatech Aviation Servs.*, 961 F.Supp.2d 1234,1238 (S.D.Fla.2013), the court stated that,

> Under the FLSA, employers are required to pay their employees at overtime rates for work in excess of 40 hours per week. See 29 U.S.C. § 207. However, certain classes of employees are exempt from this overtime requirement. Thus, the air carrier exemption removes from coverage "any employee of a carrier by air subject to the provisions of Title II of the Railway Labor Act." Id. § 213(b)(3). Title II of the Railway Labor Act ("RLA"), in turn, covers "every common carrier by air . . . , *and every air pilot or other person who performs any work as an employee or subordinate official of such carrier or carriers, subject to its or their continuing authority to supervise and direct the manner of rendition of his service.*" 45 U.S.C. § 181.

(Emphasis added).

Employers such as FSS who are not themselves air carriers, but who perform services for air carriers, are considered carriers subject to the Railway Labor Act, and so are exempt from the FLSA's overtime regulations, if they satisfy the two-prong test established by the NMB and the courts. *Roca* at 10; *Verrett v. The Sabre Grp.,* 70 F. Supp. 2d 1277, 1281 (N.D. Okla. 1999). To determine whether there is sufficient carrier control over a company, the NMB looks to several factors, including: extent of the carrier's control over the manner in which the company conducts its business; access to the company's operations and records; role in personnel decisions; degree of supervision of the company's employees; whether employees are held out to the public as carrier employees; and control over employee training. *Bradley Pacific Aviation, above; Dobbs Int'l Servs. d/b/a Gate Gourmet, above*; *Aircraft Servs. Int'l Group, above*; *Signature Flight Support/Aircraft Serv. Int'l, Inc.*, 32 NMB 30 (2004).

The National Mediation Board ("NMB"), which has jurisdiction over carriers in NLRB-related matters, has repeatedly determined that airline services contractors performing the same

12

and similar functions under virtually identical factual circumstances as FSS are significantly controlled by carriers and, thus, are subject to RLA jurisdiction. *See, Swissport* NMB CJ-6935 (2008); Primeflight Aviation Services NMB File No. CJ-6915 (2007); *AirServ* NMB File No. CJ-6892 (2006). Indeed, FSS, through its parent company, International Total Services, Inc. has, in numerous prior decisions of the National Mediation Board, been determined to be subject to the RLA. *See, International Total Services.,* 20 NMB 537 (1993); *International Total Services., Inc.,* 16 NMB 44 (1988); *International Total Services., Inc*., 11 NMB 67 (1983), *International Total Services,* 9 NMB 392 (1982); and *International Total Services*, 26 NMB 12 (1998).

Thus, to the extent that Plaintiffs' claims arise from allegedly unpaid overtime, FSS is exempt under to FLSA. FSS intends to, and hereby does raise this exemption as an affirmative defense. However, given the vagueness of the allegations in the Amended Complaint, it is impossible to determine whether overtime comprises any part of the claim, much less how great a part. For this reason, the Amended Complaint should be dismissed.

> 2. Plaintiffs Fail to Allege Facts to Sufficiently Plead Collective Wage and Hour Violations for "All Others Similarly Situated"

Plaintiffs purport to plead their FLSA claim on a collective action basis under 29 U.S.C. §216(b). "There are two requirements to proceed as a representative action: (1) all plaintiffs must be 'similarly situated,' and (2) a plaintiff must consent in writing to take part in the suit." *Wischnewsky v. Coastal Gulf & Int'l, Inc.*, E.D.La. No. 12-2277, 2013 U.S. Dist. LEXIS 62965, at *9 (E.D. La. May 2, 2013). Although the FLSA does not define 'similarly situated,' court[s] have held that the plaintiffs must allege facts sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law. *Zhong*, 498 F. Supp. 2d at 631 citing, *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) ("While neither the FLSA nor its accompanying regulations define the term "similarly situated," courts

13

have held that plaintiffs must, at least, provide "a modest factual showing sufficient to demonstrate that they and potential plaintiffs . . . were victims of a common policy or plan that violated the law.") See, also, *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261-62 (providing an example of sufficient pleading for similarly situated employees which included supporting affidavits from other restaurant managers, a description of the company-wide policy at issue, and evidence that the identified group of employees were subject to that policy).

Where, as here, plaintiffs attempt to bring suit on behalf of "others" who "are referenced only minimally in the body of the complaint itself," and neither generally nor specifically name or reference themselves or any other plaintiffs in the complaint, plaintiffs have not offered sufficient notice of their claim or a factual basis from which a court can determine whether similarly situated plaintiffs even exist. *Zhong*, 498 F. Supp. at 631 (to the extent a plaintiff attempts to signal an effort to initiate a collective action merely by invoking the phrase "others similarly situated," he is unable to meet the standard for alleging an action on behalf of others similarly situated). For example, in *Creech*, the court found the plaintiff's collective action allegations to lack the level of factual specificity necessary to survive a Rule 12(b)(6) motion where the complaint failed to provide any description or details about other "similarly situated" employees, other than allegations that other class members performed the same or similar job duties in that they "provided customer services" for defendants. *Creech v. Holiday CVS, LLC*, M.D.La. No. 11-46-BAJ-DLD, 2012 U.S. Dist. LEXIS 144838 at *7-8 (M.D. La. Sept. 28, 2012) ("This is not descriptive enough to give rise to a plausible right to relief.").

Here, while Plaintiffs purport to bring their Amended Complaint on behalf of themselves and others similarly situated, they fail to allege any facts to demonstrate who they are, let alone

14

2839826-1

who any of these other employees are. Nor do theses plaintiffs sufficiently plead whether they truly are "similarly situated" to one another or to those putative collective class members that they seek to add. FSS does not know because Plaintiffs have not plead sufficient facts to inform whether these Plaintiffs' claimant are typical amongst themselves, let alone an entire putative class of plaintiffs who they seek to have opt-in. Indeed, the only clues the Amended Complaint offers regarding the possible identities of the individuals "similarly situated" to Plaintiff are allegations stating that similarly situated employees are hourly employees, classified as "ramp agents" or the non-descript "other non-exempt" employees, and that they were subject to Defendant's alleged "common practice, policy, or plan" of unlawfully failing to pay (i) minimum wage for hours worked under forty (40), and/or (ii) overtime compensation for all hours worked over forty (40) in a workweek. (Rec. Doc. 23) Notably, Plaintiffs make no mention of their own job titles or positions. Certainly, Plaintiffs make no mention of the job titles/positions held by these other putative collective employees, or any other information regarding those allegedly similarly situated persons. None of the Plaintiffs clarify in the Amended Complaint whether the alleged harm done to them was a failure to pay minimum wage, regular wages, or overtime wages. Further, none of the Plaintiffs testify as to approximately how many of each of those hours they were not compensated in a manner consistent with the FLSA. Consequently, FSS is left completely in the dark as to whether these Plaintiffs or those who they seek to join their action are similarly situated individuals who shared Plaintiffs' job titles or job duties, had similar job requirements, were paid by the same method, were not being compensated in the same or similar manner, or were subject to the same policies or procedures.

Where a complaint fails to sufficiently allege the attributes of the similarly situated employees, the collective action claim may be dismissed at the pleading stage, and district courts

within the Fifth Circuit have found it appropriate to do so. *Creech,* M.D.La. No. 11-46-BAJ-DLD, 2012 U.S. Dist. LEXIS 144838 at *7-8 (granting defendants' motion to dismiss the collective action component of plaintiff's claim under the FLSA); *see also Pickering v. Lorillard Tobacco Co.*, M.D.Ala. No. 2:10-CV-633-WKW[WO], 2011 U.S. Dist. LEXIS 3647, at *5-7 (M.D. Ala. Jan. 13, 2011) (dismissing FLSA collective action allegations where there was no description of job duties, or even job titles of the proposed similarly situated employees, nor any allegations concerning the other employees' pay provisions). Here, Plaintiffs seek to represent a broad and vague group of individuals of unspecified job titles or any description of the job duties of these unnamed positions. Accordingly, the collective action allegations of Plaintiffs' Amended Complaint should be dismissed as insufficiently pled.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's claim under the Fair Labor Standards Act must be dismissed with prejudice. Further, because the named Plaintiff has failed to state a claim upon which relief can be granted, he lacks the requisite standing to bring a claim for violation of the FLSA as a collective action. Therefore, Plaintiffs' Amended Complaint must be dismissed in its entirety.

Respectfully Submitted:

LoPRESTI, MARCOVY & MAROTTA, LLP


/s/ *Thomas P. Marotta*
THOMAS P. MAROTTA*
(admitted *pro hac vice,* Ohio Bar No. 0024884)
MICHAEL S. LEWIS
(admitted *pro hac vice,* Ohio Bar No. 0079101)
1468 West Ninth Street
330 Western Reserve Building
Cleveland, Ohio 44113
T: (216) 241-7740
F: (216) 241-6031
E: tpm@lmm-llp.com
E: msl@lmm-llp.com

*Trial Attorney*

CHAFFE McCALL, LLP

/s/ *Sarah Voorhies Myers*
SARAH VOORHIES MYERS (La. Bar No. 30107)
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
T: (504) 585-7009
F: (504) 544-6092
E: myers@chaffe.com

*Attorneys for Defendant*
*Flight Services &Systems, Inc.*

17

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2017, a true and correct copy of the foregoing Defendant's Memorandum in Support of Motion to Dismiss Plaintiff's Amended Complaint was served by filing the same in this Court's CM/ECF System, upon the following:

Christopher L. Williams (32269)
Williams Litigation, L.L.C.
639 Loyola Ave., Suite 1850
New Orleans, LA 70113

and

Michael T. Tusa, Jr. (02154)
Sutton, Alker & Rather, LLC
4080 Lonesome Road, Suite A
Mandeville, LA 70448

*Attorneys for Plaintiff*

/s/ *Thomas P. Marotta*