UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STANLEY COOK                                    CIVIL ACTION

VERSUS                                          NO: 16-15759

FLIGHT SERVICES AND SYSTEMS INC.                SECTION "H"

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 25). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiffs, Stanley Cook, Kerionna Bradley, Kennedy Prader, Darion Winters, Terrance Bruster, Donald Johnson, Christian Flores, Damon Perrilloux, II, Olivia Johnson, Lanisha Bruster, Rashard Johnson, Holdine Pablo, and Darioen Buchanan, are employees or former employees of Defendant Flight Services & Systems, Inc. They allege that Defendant has violated the Fair Labor Standards Act ("FLSA") by failing to pay them minimum wage and overtime.

Specifically, Plaintiffs make two primary complaints about their compensation and the compensation of other similarly situated employees.

1

First, they allege that they were not compensated for job-related training. Second, they allege that Defendant "cut" their hours after the work was complete due to policies aimed at:

(i) requiring managers to attain a 20% profit margin;
(ii) not allowing employees to work more than 30 hours per week so as to avoid the application of the Affordable Care Act; and
(iii) deducting for time spent on the job site engaged to wait or when the defendant felt the work performed took longer than anticipated.[1]

Plaintiffs allege that because of this practice their paychecks did not reflect the correct number of hours actually worked. Plaintiffs bring this collective action on behalf of themselves and all other similarly situated employees who consent to join the litigation, pursuant to § 216(b) of the FLSA. Defendants have filed the instant Motion to Dismiss, arguing that Plaintiff's Amended Complaint (hereinafter "Complaint") fails to allege sufficient facts to support a claim under the FLSA.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5]

---

[1] Doc. 23 at 3.
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[3] *Id.*
[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 667.

2

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[7] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[8]

**LAW AND ANALYSIS**

An employer violates the FLSA if it fails to pay covered employees at least one and one-half times their normal rate for hours worked in excess of 40 hours per week or fails to pay covered employees a minimum wage.[9] Thus, in order to state a claim for unpaid overtime or minimum wages under the FLSA, a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime or minimum wage requirements; and (4) the amount of overtime or minimum wage compensation due."[10]

Defendants ask the Court to dismiss this case because (1) Plaintiffs fail to allege FLSA violations with sufficient particularity, and (2) Plaintiffs fail to adequately allege the basis for a collective action. This Court will consider each argument in turn.

**I. FLSA Violations**

Defendant argues that Plaintiffs' Complaint does not adequately plead

---

[6] *Id.*
[7] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[8] *Lormand*, 565 F.3d at 255–57.
[9] 29 U.S.C. §§ 206, 207.
[10] *Mejia v. Brothers Petroleum, LLC*, No. 12-2842, 2015 WL 3619894, at *2 (E.D. La. June 9, 2015) (quoting *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)).

3

the third and fourth elements of a FLSA claim. Specifically, Defendant argues that the Complaint fails to allege sufficient facts to state a claim under the FLSA because it does not allege Plaintiffs' approximate hours, rates of pay, or date ranges worked. Defendant asserts that as a result, it lacks adequate notice of the amount of overtime compensation Plaintiffs allege is due and cannot determine what exemptions may apply. Plaintiffs argue that they were not provided pay stubs and proof of the unilateral "cuts" are in the Defendant's timekeeping records, which are solely in Defendant's possession.[11]

"Allegations of a complaint must be sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[12] This notice requirement is satisfied in the FLSA context when the complaint contains the "approximate date ranges, as well as the approximate number of hours worked" for which the plaintiff claims he was under-compensated.[13] Rule 8(a) does not require an FLSA complaint to be "replete with detailed factual allegations" so long as it provides the defendant with fair notice.[14]

Here, Plaintiffs have failed to provide *any* type of information that would

---

[11] Doc. 30 at 6. Plaintiffs also make much ado about prior litigation brought against Defendant raising similar FLSA allegations. Doc. 30 at 4. Certainly, such extraneous information cannot be considered at the motion to dismiss stage. "It is well-established that, in deciding whether to grant a motion to dismiss, a district court may not 'go outside the complaint.'" *Rodriguez v. Rutter*, 310 F. App'x 623, 626 (5th Cir. 2009). Even so, the facts of another matter and the settlement entered into therein do little to remedy the deficiencies of Plaintiffs' Complaint in this matter.

[12] *Kidwell v. Dig. Intelligence Systems, LLC*, No. 13-4064, 2014 WL 4722706, at *4 (N.D. Tex. Sept. 22, 2014) (quoting *Twombly*, 550 U.S. at 555).

[13] *Mejia*, 2015 WL 3619894, at *6 (holding that plaintiffs adequately pleaded uncompensated overtime by alleging "that they worked approximately 70-80 hour [s] per week before July of 2012, and then approximately 50 hours per week thereafter, without receiving overtime pay"); *England v. Administrators of the Tulane Educ. Fund*, No. 16-3184, 2016 WL 3902595, *3 (E.D. La. July 19, 2016) (holding that a FLSA plaintiff had failed to plead sufficient facts regarding the amount of overtime due where the complaint alleged that the plaintiff "routinely worked overtime hours" and that the employer had paid some overtime but still owed for "numerous hours").

[14] *See Hoffman v. Cemex, Inc.*, No. 09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009).

put Defendant on notice and provide Defendant with enough information to search its own records to more accurately investigate Plaintiffs' claims, *e.g.*, date ranges, hours worked, or rate of pay.[15] Although it "cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records,"[16] it is not unfair or burdensome to require *some* factual allegations.[17] Here, Plaintiffs have not bothered to supply even a factual context from the memories or experiences of being denied a minimum wage and/or overtime in violation of FLSA.[18] The Complaint likewise does not indicate the hours worked, wage earned, or even so much as a year range of when the thirteen named plaintiffs worked for Defendant. As such, Plaintiffs fail to allege their FLSA violations with sufficient particularity.

## II. Collective Action Allegations

Defendant next argues that Plaintiffs' Complaint fails to adequately plead an FLSA collective action. The FLSA authorizes a single employee or group of employees to bring a collective action against their employer to recover unpaid overtime or minimum wages on their own behalf and on behalf of other "similarly situated" employees.[19] A successful FLSA complaint must allege facts supporting the conclusion that all potential plaintiffs were "victims of a

---

[15] *England*, 2016 WL 6520146, at *3–4; *Coleman v. John Moore Services, Inc.*, No. 13-2090, 2014 WL 51290, at *4 (S.D. Tex. Jan. 7, 2014).

[16] *England*, 2016 WL 6520146, at *3–4 (quoting *Solis v. Time Warner Cable San Antonio, L.P.*, No. 10-231, 2010 WL 2756800, at *2 (W.D. Tex. July 13, 2010)) (internal citations omitted).

[17] *Coleman*, 2014 WL 51290, at *4.

[18] *Id.* ("[I]t is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place. Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations. Similarly, [plaintiff] should be able to use his memory to flesh out the complaint with a factual context, before discovery has taken place.") (internal quotation marks and citations omitted).

[19] 29 U.S.C. § 216(b); *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 571 (E.D. La. 2008).

common policy or plan that violated the law."[20] "Plaintiffs need only show their positions are similar, not identical."[21] Moreover, "[a]s applied to a collective action under the FLSA, a 12(b)(6) motion should not succeed if the complaint gives the defendant fair notice of the putative class."[22]

In *England v. Administrators of the Tulane Educational Fund*, the plaintiff's proposed putative class was "comprised of all similarly situated hourly, non-exempt employees employed by Tulane . . . ."[23] Although the plaintiff stated that the class members would be hourly employees, he did not provide any job descriptions of the proposed class members. The court held that the complaint's allegations did not give the defendants fair notice of the putative class because it did not provide "details about or descriptions of the similarly situated parties, along with sufficient facts to show that they were subject to the same pay provisions."[24]

Here too, Plaintiffs have failed to give Defendant any details or descriptions of the similarly situated parties they purport to bring their claim on behalf. The Complaint describes the potential putative class as, "all persons who have worked as non-exempt employees for Defendant and who were not paid for all hours actually worked under forty (40), and for any overtime compensation for all hours actually worked for over forty (40) in a workweek."[25] This broadly defined class fails to give Defendant fair notice. Plaintiffs' Complaint does not specifically identify any potential class members, describe

---

[20] *England*, 2016 WL 6520146, at *4 (quoting *Wischnewsky v. Coastal Gulf & Int'l, Inc.*, No. 12-2277, 2013 WL 1867119, at *4 (E.D. La. May 2, 2013)).
[21] *Id.* (citing *Creech v. Holiday CVS, LLC*, No. 11-46, 2012 WL 4483384, at *1 (M.D. La. Sept. 28, 2012)).
[22] *Id.* (citing *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014) (internal quotations omitted)).
[23] *Id.*
[24] *Id.*
[25] Doc. 23 at ¶ 7.

6

the positions they held or work they performed, or identify how they are similarly situated to Plaintiffs. Further, the Complaint does not even identify the named Plaintiffs or the positions they held while working for Defendant. Accordingly, the allegations of the Complaint fail to give Defendants fair notice of the putative class, and those allegations are dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **GRANTED**. Plaintiffs are granted leave to amend their Complaint within 20 days of this Order to the extent that they can remedy the deficiencies identified herein.

New Orleans, Louisiana this 20th day of April, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**