UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STANLEY COOK**            **CIVIL ACTION**

**VERSUS**            **NO: 16-15759**

**FLIGHT SERVICES AND SYSTEMS, INC.**            **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendant Flight Services and Systems, Inc.'s Motion to Dismiss the Second Amended Complaint (Doc. 39). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiffs, Stanley Cook, Kerionna Bradley, Kennedy Prader, Darion Winters, Terrance Bruster, Donald Johnson, Christian Flores, Damon Perriloux, II, Lanisha Bruster, Rashard Johnson, Pablo Holdine, Darioen Buchanan, Janay Williams, Kristoffer Wilbanks, Cardell Andry, Johnny Brasley, and Raven Barre are employees or former employees of Defendant Flight Services and Systems, Inc. They allege that Defendant has violated the Fair Labor Standards Act ("FLSA") by failing to pay them mandated minimum

1

and overtime wages.

Specifically, Plaintiffs make two primary complaints about their compensation and the compensation of other similarly situated employees. First, they allege that they were not compensated for job-related training. Second, they allege that Defendant "arbitrarily cut" their hours after the work was completed due to policies aimed at: (1) requiring managers to attain a 20% profit margin; (2) not allowing employees to work more than 30 hours per week to avoid the application of the Affordable Care Act; and (3) deducting for time spent on the job site waiting or when Defendant felt the work performed took longer than expected. Plaintiffs allege that because of this practice their paychecks did not reflect the correct number of hours actually worked. Plaintiffs bring this collective action on behalf of themselves and all other similarly situated employees.

This Court previously dismissed Plaintiffs' First Amended Complaint based on these same facts for failure to state a claim upon which relief could be granted. It held that Plaintiffs had failed to allege an FLSA violation or collective action with sufficient particularity. This Court gave Plaintiffs leave to amend their complaint to correct these deficiencies, and they subsequently filed a Second Amended Complaint. Despite their amendments, Defendant has once again moved to dismiss Plaintiffs' FLSA and collective action claims for failure to state a claim. It also alleges that Plaintiffs' claims should be dismissed or time-barred because they do not relate back to the original complaint.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

**LAW AND ANALYSIS**

**A. FLSA Claims**

An employer violates the FLSA if it fails to pay covered employees at least one and one-half times their normal rate for hours worked in excess of 40 hours per week or fails to pay covered employees a minimum wage.[8] Thus, in

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[8] 29 U.S.C. §§ 206, 207.

order to state a claim for unpaid overtime or minimum wages under the FLSA, a plaintiff must plead: "(1) that there existed an employer–employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime or minimum wage requirements; and (4) the amount of overtime or minimum wage compensation due."[9]

Defendant asks this Court to dismiss Plaintiffs' claims because the Second Amended Complaint still fails to adequately allege FLSA violations or a basis for a collective action. In dismissing Plaintiffs' First Amended Complaint, this Court pointed out that the pleading requirements are satisfied in the FLSA context when the complaint contains the "'approximate date ranges, as well as the approximate number of hours worked' for which the plaintiff claims he was under-compensated."[10] The Court noted that Plaintiffs' First Amended Complaint lacked allegations of "hours worked, wage earned, or even so much as a year range of when the thirteen named plaintiffs worked for Defendant."[11] In their Second Amended Complaint, Plaintiffs added allegations of the job title, hourly wage, and date range of employment for each Plaintiff. Defendant argues that despite these additions, Plaintiffs' Second Amended Complaint still fails to sufficiently allege a claim under the FLSA. Defendant contends that Plaintiffs must plead the approximate dates of the FLSA violations and an approximate number of hours for which they claim they were denied overtime or minimum wage. This Court disagrees.

"By alleging the amount that Defendants paid Plaintiffs, the time period

---

[9] Mejia v. Brothers Petroleum, LLC, No. 12-2842, 2015 WL 3619894, at *2 (E.D. La. June 9, 2015) (quoting Johnson v. Heckmann Water Resources, Inc., 758 F.3d 627, 630 (5th Cir. 2014)).
[10] Doc. 37.
[11] Doc. 37 at 5.

during which Plaintiffs worked, and that Plaintiffs worked in excess of forty (40) hours and were never paid one-and-half times their hourly rate, Plaintiffs have met [their] burden."[12] There are sufficient allegations in Plaintiffs' Second Amended Complaint to put Defendant on notice of Plaintiffs' FLSA claims, even if it lacks an approximate number of hours for which each Plaintiff alleges he or she was not properly compensated. Indeed, Plaintiffs have alleged that due to Defendants' complained-of policies, they often did not receive itemized paystubs or "were provided paychecks that did not reflect the correct number of hours actually worked." It is clear from the facts of the Second Amended Complaint, therefore, that an approximation of unpaid hours would be difficult at this stage of the case given Defendants' alleged policies. Accordingly, Plaintiffs have sufficiently alleged a violation of FLSA.

### B. Collective Action Claims

Defendant next argues that Plaintiffs' Complaint fails to adequately plead an FLSA collective action. The FLSA authorizes a single employee or group of employees to bring a collective action against their employer to recover unpaid overtime or minimum wages on their own behalf and on behalf of other "similarly situated" employees.[13] A successful FLSA complaint must allege facts supporting the conclusion that all potential plaintiffs were "victims of a common policy or plan that violated the law."[14] "Plaintiffs need only show their

---

[12] Palma v. Tormus Inc., No. 15-3025, 2015 WL 13048727, at *3 (E.D. La. Dec. 23, 2015)

[13] 29 U.S.C. § 216(b); Johnson v. Big Lots Stores, Inc., 561 F. Supp. 2d 567, 571 (E.D. La. 2008).

[14] England v. Adm'rs of the Tulane Educ. Fund, No. 16-3184, 2016 WL 6520146, at *4 (E.D. La. Nov. 3, 2016) (quoting Wischnewsky v. Coastal Gulf & Int'l, Inc., No. 12-2277, 2013 WL 1867119, at *4 (E.D. La. May 2, 2013)).

during which Plaintiffs worked, and that Plaintiffs worked in excess of forty (40) hours and were never paid one-and-half times their hourly rate, Plaintiffs have met [their] burden."[12] There are sufficient allegations in Plaintiffs' Second Amended Complaint to put Defendant on notice of Plaintiffs' FLSA claims, even if it lacks an approximate number of hours for which each Plaintiff alleges he or she was not properly compensated. Indeed, Plaintiffs have alleged that due to Defendants' complained-of policies, they often did not receive itemized paystubs or "were provided paychecks that did not reflect the correct number of hours actually worked." It is clear from the facts of the Second Amended Complaint, therefore, that an approximation of unpaid hours would be difficult at this stage of the case given Defendants' alleged policies. Accordingly, Plaintiffs have sufficiently alleged a violation of FLSA.

### B. Collective Action Claims

Defendant next argues that Plaintiffs' Complaint fails to adequately plead an FLSA collective action. The FLSA authorizes a single employee or group of employees to bring a collective action against their employer to recover unpaid overtime or minimum wages on their own behalf and on behalf of other "similarly situated" employees.[13] A successful FLSA complaint must allege facts supporting the conclusion that all potential plaintiffs were "victims of a common policy or plan that violated the law."[14] "Plaintiffs need only show their

---

[12] Palma v. Tormus Inc., No. 15-3025, 2015 WL 13048727, at *3 (E.D. La. Dec. 23, 2015)

[13] 29 U.S.C. § 216(b); Johnson v. Big Lots Stores, Inc., 561 F. Supp. 2d 567, 571 (E.D. La. 2008).

[14] England v. Adm'rs of the Tulane Educ. Fund, No. 16-3184, 2016 WL 6520146, at *4 (E.D. La. Nov. 3, 2016) (quoting Wischnewsky v. Coastal Gulf & Int'l, Inc., No. 12-2277, 2013 WL 1867119, at *4 (E.D. La. May 2, 2013)).

during which Plaintiffs worked, and that Plaintiffs worked in excess of forty (40) hours and were never paid one-and-half times their hourly rate, Plaintiffs have met [their] burden."[12] There are sufficient allegations in Plaintiffs' Second Amended Complaint to put Defendant on notice of Plaintiffs' FLSA claims, even if it lacks an approximate number of hours for which each Plaintiff alleges he or she was not properly compensated. Indeed, Plaintiffs have alleged that due to Defendants' complained-of policies, they often did not receive itemized paystubs or "were provided paychecks that did not reflect the correct number of hours actually worked." It is clear from the facts of the Second Amended Complaint, therefore, that an approximation of unpaid hours would be difficult at this stage of the case given Defendants' alleged policies. Accordingly, Plaintiffs have sufficiently alleged a violation of FLSA.

### B. Collective Action Claims

Defendant next argues that Plaintiffs' Complaint fails to adequately plead an FLSA collective action. The FLSA authorizes a single employee or group of employees to bring a collective action against their employer to recover unpaid overtime or minimum wages on their own behalf and on behalf of other "similarly situated" employees.[13] A successful FLSA complaint must allege facts supporting the conclusion that all potential plaintiffs were "victims of a common policy or plan that violated the law."[14] "Plaintiffs need only show their

---

[12] Palma v. Tormus Inc., No. 15-3025, 2015 WL 13048727, at *3 (E.D. La. Dec. 23, 2015)

[13] 29 U.S.C. § 216(b); Johnson v. Big Lots Stores, Inc., 561 F. Supp. 2d 567, 571 (E.D. La. 2008).

[14] England v. Adm'rs of the Tulane Educ. Fund, No. 16-3184, 2016 WL 6520146, at *4 (E.D. La. Nov. 3, 2016) (quoting Wischnewsky v. Coastal Gulf & Int'l, Inc., No. 12-2277, 2013 WL 1867119, at *4 (E.D. La. May 2, 2013)).

positions are similar, not identical."[15] Moreover, "[a]s applied to a collective action under the FLSA, a 12(b)(6) motion should not succeed if the complaint gives the defendant fair notice of the putative class."[16]

Here, Plaintiffs describe the putative class as "all persons who have worked as non-exempt employees for Defendant, including but not limited to, ramp agents, lead ramp agents, ramp supervisors, customer service agents/representatives, who were not paid for all hours actually worked under forty (40), and for any overtime compensation for all hours actually worked over forty (40) in a workweek." It goes on to explain that the putative class is similarly situated to Plaintiffs because they have similar job requirements and pay provisions. Defendant alleges that this description still fails to adequately describe the class or how they are similarly situated to Plaintiffs. This Court disagrees and finds that Plaintiffs' collective action allegations are sufficient to give Defendant fair notice of the putative class. Plaintiffs have alleged sufficient facts to show that there is a class of similarly situated employees that were subject to Defendant's allegedly unlawful payment policies.

### C. Relation Back

Finally, Defendant argues that Plaintiffs' Second Amended Complaint does not relate back to the original complaint and therefore should be dismissed or time-barred. Federal Rule of Civil Procedure 15(c) states that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the

---

[15] *Id.* (citing Creech v. Holiday CVS, LLC, No. 11-46, 2012 WL 4483384, at *1 (M.D. La. Sept. 28, 2012)).

[16] *Id.* (citing Flores v. Act Event Servs., Inc., 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014) (internal quotations omitted)).

original pleading."[17]  Defendant alleges that Plaintiffs' Second Amended Complaint expands their claim to one of nationwide scope and therefore does not relate back to the original complaint.  Defendant's dispute is apparently with a paragraph of the Second Amended Complaint that adds allegations that Defendant's human resources personnel sent "nationwide" emails warning when non-exempt employees had worked more than thirty hours in a week.  Even with the addition of these facts, however, the Second Amended Complaint unquestionably relates back to the original complaint.  Each arises out of Defendant's alleged violation of the FLSA by deducting hours worked by Plaintiffs and similarly situated employees in order to avoid overtime and minimum wage payments.  The Second Amended Complaint satisfies the requirements of Rule 15 for relation back, and Defendant's motion is therefore denied.

## CONCLUSION

For the forgoing reasons, Defendant's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana this 24th day of October, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] Fed. R. Civ. Pro. 15.