# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STANLEY COOK, ET AL. | CIVIL ACTION |
| VERSUS | NO. 16-15759 |
| FLIGHT SERVICES AND SYSTEMS, INC. | SECTION "H" (3) |

## ORDER

Before the Court is the Motion for Reconsideration [Doc. #127] filed by plaintiffs. The motion is opposed, [Doc. #130], and plaintiffs filed a reply. [Doc. #138]. Having reviewed the pleadings, the case law, the court's earlier order, and the protective order, the Court rules as follows.

## I. Background

In short, 19 plaintiffs, who are employees or former employees of defendant Flight Services & Systems, Inc., allege that defendant has violated the Fair Labor Standards Act ("FLSA") by failing to pay them minimum wage and overtime.

By the motion currently before the Court, plaintiffs ask this Court to reconsider its rulings on two earlier motions as outlined below.

## II. Law and Analysis

The parties recognize that the Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration. *Cressionnie v. Hample*, 184 Fed. App'x 366, 369 (5th Cir. 2006); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). Both parties agree that plaintiffs' motion for reconsideration of this Court's discovery orders should be reviewed under Rule 59(e) as a motion to alter or amend a judgment. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Plaintiffs' motion was filed within this time period.

Despite the parties' agreement, the standard of review is not so clear in the Fifth Circuit for deciding whether to grant reconsideration of a discovery order. Courts in the Fifth Circuit have typically applied Rule 59(e) standards when reviewing motions to reconsider interlocutory orders, particularly orders that ruled on dispositive motions, in cases in which a final judgment had not yet been entered. *Hightower v. Grp. 1 Auto., Inc.*, Civ. A. No. 15-1284, 2016 WL 3430569, at *1 (E.D. La. June 22, 2016). However, some courts in the Fifth Circuit have analyzed motions to reconsider interlocutory orders under Rule 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). These courts have held that

> [m]otions to reconsider that challenge a prior judgment on the merits are treated as arising under either Rule 59(e) or Rule 60(b), depending on the timing. A motion to reconsider an interlocutory order is considered under Rule 54(b), which provides courts "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."

*Martikean v. United States*, No. 3:11-CV-1774-M-BH, 2014 WL 4631620, at *2 (N.D. Tex. Sept. 16, 2014) (quoting *Iturralde v. Shaw Group, Inc.*, 512 Fed. App'x 430, 432 (5th Cir. 2013)) (citing *Cressionnie v. Hample*, 184 Fed. App'x 366, 369 (5th Cir. 2006).

Under Rule 54(b),

> "[d]istrict courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order. The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting

2

than the standards enunciated in Rule 60(b)." *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). Under this standard, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Estate of Henson v. Wichita Cty.*, 988 F. Supp. 2d 726, 730 (N.D. Tex. 2013) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). Rule 54(b), however, "does not mean that the Court has carte blanche to reconsider newly presented theories of liability or the lack thereof." *Livingston*, [259] F. Supp. 2d at 480; *see also id.* at 481 ("Any position is supportable by boundless arguments, and lawyers are trained and paid to find those arguments. Judicial economy counsels against reconsidering an issue each time someone presents a new argument.").

*Scogin v. Tex. Eagle Ford Shale Magazine*, No. 2:14-CV-478, 2016 WL 632031, at *1 (S.D. Tex. Feb. 16, 2016); *accord Martikean*, 2014 WL 4631620, at *2 (citing *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 506 (5th Cir. 2012); *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 171 (5th Cir. 2010)).

Given the lack of specificity in the Federal Rules of Civil Procedure or clear guidance from the Fifth Circuit on the standard of review for a motion to reconsider a non-dispositive, interlocutory order,

> [t]he general practice of courts in [the Eastern District of Louisiana] has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *See, e.g., Castrillo [v. Am. Home Mortg. Serv'g, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.)]; *Rosemond v. AIG Ins.*, [No. 08-1145,] 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.). A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion. *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). In exercising this discretion, courts must carefully balance the interests of justice with the need for finality. Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is

3

necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

Importantly, Rule 54(b) motions, like those under Rules 59(e) and 60(b), are not the proper vehicle for rehashing evidence, legal theories, or arguments. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Instead, they "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly" and the motion must "clearly establish" that reconsideration is warranted. *Templet v. Hydro Chem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

Moreover, it is well-settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of an order or to re-urge matters that have already been advanced by a party. See *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471 (M.D. La. 2002).

*Fairley v. Wal-Mart Stores, Inc.*, Civ. A. No. 15-0462, 2016 WL 2992534, at *2 (E.D. La. May 24, 2016).

Here, plaintiffs ask the Court to reconsider its ruling on (1) Defendant's Motion to Preserve Confidentiality Designations [Doc. #78]; and (2) Defendant's Motion to Compel Plaintiff's Discovery Responses. [Doc. # 101]. The Court issued its order on November 1, 2018, granting in part and denying in part both motions. [Doc. #117]. Having reviewed plaintiffs' motion to reconsider, the Court finds very few arguments that were not raised in their earlier opposition memoranda. As defendant correctly points out, the memorandum in support of their motion to reconsider is an almost verbatim re-litigation of their earlier arguments. This Court has addressed these types of re-litigation efforts before. *David v. Signal Int'l, L.L.C.*, Civ. A. No. 08-1220, 2010 U.S. Dist. LEXIS 124303, at *12 (E.D. La. Nov. 5, 2010) ("Signal merely re-hashes its earlier

4

arguments, which is not proper in a motion to reconsider. Signal seeks to re-litigate the arguments that it raised in its earlier motion to compel and that this Court has already rejected. Accordingly, the Court denies the motion [to reconsider]."). This Court sees no reason to revisit issues that it has already decided. Having reviewed plaintiffs' earlier opposition memoranda, the Court finds no manifest errors of law or fact or that plaintiffs have presented newly-discovered evidence in this motion to reconsider.

However, the court recognizes that, with regard to the motion to preserve the confidentiality designations, plaintiffs make much of the fact that defendant did not produce the documents for review to this Court until five days after the motion was submitted. There is no support – legal or factual – that this submission prejudiced either plaintiffs or this Court. Defendant submitted the documents to this Court on August 20, 2018 at a discovery conference, and this Court issued its opinion on November 1, 2018, allowing it adequate time to review the documents. Moreover, plaintiffs had these confidential documents – and even objected to them by Bates numbers – on July 3, 2018 – over a month and a half before the discovery conference. [Doc. #130-2]. This argument merits no reconsideration of the Court's prior ruling.

And with regard to the motion to compel, plaintiffs complain that they must now respond to defendant's discovery requests as ordered by the Court. Plaintiffs argue that the amount of discovery requests propounded by defendants is inherently burdensome, harassing, and overbroad. But there are 19 plaintiffs in this lawsuit as it now stands, and plaintiffs have alleged a **nationwide** class. This is a lawsuit under the Fair Labor Standards Act ("FLSA"), and plaintiffs cannot contend that this Court erred by ordering them to respond to interrogatories regarding, *inter alia*, the

5

amount of overtime pay that they claim and whether they have facts supporting the claims of other individuals outside of the New Orleans International Airport. These are legitimate, relevant, and proportional discovery requests for a potential nationwide class under the FLSA.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Reconsideration [Doc. #127] is DENIED.

New Orleans, Louisiana, this 13th day of December, 2018.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**