UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STANLEY COOK**                                                               **CIVIL ACTION**

**VERSUS**                                                                      **NO: 16-15759**

**FLIGHT SERVICES AND SYSTEMS, INC.**                   **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Discovery Pursuant to Federal Rule of Civil Procedure 56(d) (Doc. 179). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiffs are employees or former employees of Defendant Flight Services and Systems, Inc. They allege that Defendant has violated the Fair Labor Standards Act ("FLSA") by failing to pay them and others similarly situated mandated minimum and overtime wages.

On January 30, 2019, Defendant filed a Partial Motion for Summary Judgment arguing that it is exempt from the FLSA's overtime requirements under the air carrier exemption of the Railway Labor Act. In response, Plaintiffs filed the instant Motion for Discovery under Rule 56(d).

1

Plaintiffs contend that seven months before Defendant filed its Partial Motion for Summary Judgment, it represented that it had produced all documents that it would use to support its air carrier exemption defense. Then, two weeks prior to filing its Motion for Partial Summary Judgment on this defense, Defendant produced additional contracts between it and Spirit, Frontier, and Allegiant airlines. Defendant then relied on those contracts in support of its Motion on the air carrier exemption defense. In this Motion, Plaintiffs ask this Court first to deny Defendant's Partial Motion for Summary Judgment because of its failure to produce responsive documents and violation of a court order. Alternatively, they ask the Court to defer ruling on the Motion until Plaintiffs have had the opportunity to conduct discovery on the newly produced contracts.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer consideration of the motion or allow the nonmovant additional time for discovery. "To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery; and (2) how the additional discovery will likely create a genuine issue of material fact."[1] The Rule 56(d) movant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment

---

[1] Weaver v. Harris, 486 F. App'x 503, 505 (5th Cir. 2012).

motion."[2] A motion under Rule 56(d) is "broadly favored and should be liberally granted."[3] However, "Rule 56(d) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of [value]."[4]

## LAW AND ANALYSIS

In support of their Rule 56(d) motion, Plaintiffs provide a lengthy affidavit asserting that Defendant failed to timely produce its contracts with Spirit, Allegiance, and Frontier airlines, upon which it now relies in its Motion for Partial Summary Judgment. Plaintiffs' counsel argues that he was unable to question Defendant's corporate representatives regarding these contracts during previously held depositions. Plaintiffs contend that these contracts contain language that is beneficial to their opposition and that they should be allowed to conduct discovery on these contracts before responding to Defendant's Motion. Plaintiffs also argue that they should be afforded the opportunity to depose Defendant's customers before responding to the Motion.

This Court holds that the proper remedy in this situation is not denial of Defendant's motion but deferral of consideration thereon pending additional discovery by Plaintiffs. Plaintiffs have met the requirements of Rule 56(d) by setting forth by affidavit the additional discovery requested and how that discovery may assist in their defense of Defendant's Motion. Defendant argues that the newly produced contracts are not relevant to the determination of its motion because the controlling test to determine airline carrier status focuses only on Defendant's current operations with British Airways. Even it admits, however, that some courts have not explicitly defined the relevant time period,

---

[2] McKay v. Novartis Pharm. Corp., 751 F.3d 694, 700 (5th Cir. 2014).
[3] Skiba v. Jacobs Entm't, Inc., 587 F. App'x 136, 138 (5th Cir. 2014).
[4] McDonald v. Kansas City S. Ry. Co., No. 16-15975, 2017 WL 1709353, at *3 (E.D. La. May 3, 2017) (quoting Duffy v. Wolle, 123 F.3d 1026, 1041 (8th Cir. 1997)).

and it referenced its prior contracts with Frontier, Allegiant, and Spirit "out of an abundance of caution."[5] Plaintiffs are therefore certainly entitled to further explore these contracts and any argument regarding the appropriate analysis to be applied. Further, the discovery deadline in this matter was previously set for July 30, 2019,[6] and this Court recently granted a 90-day extension.[7] Accordingly, Plaintiffs have more than six months remaining to conduct discovery and should not be faulted for not yet conducting all of the discovery needed for defense of Defendant's Motion for Partial Summary Judgment. The record is clear that Plaintiffs have diligently conducted discovery in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Discovery is GRANTED. Plaintiffs may conduct discovery necessary to respond to Defendant's Motion for Partial Summary Judgment within 45 days of this Order.

The submission date for Defendant's Motion for Partial Summary Judgment is CONTINUED and RESET for submission on June 5, 2019. Plaintiffs' opposition shall be filed in accordance with local rules.

New Orleans, Louisiana this 11th day of April, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] Doc. 195, p. 10.
[6] Doc. 122.
[7] Doc. 219.