UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| STANLEY COOK | CIVIL ACTION |
|---|---|
| VERSUS | NO: 16-15759 |
| FLIGHT SERVICES AND SYSTEMS, INC. | SECTION: "H" |

## ORDER AND REASONS

Before the Court is Plaintiffs' Appeal of the Magistrate Judge's Order on Motion for Reconsideration (Doc. 150). For the following reasons, the Magistrate Judge's denial of Plaintiffs' Motion for Reconsideration is AFFIRMED.

## BACKGROUND

Plaintiffs, Stanley Cook, Kerionna Bradley, Kennedy Prader, Darion Winters, Terrance Bruster, Donald Johnson, Christian Flores, Damon Perriloux, II, Lanisha Bruster, Rashard Johnson, Pablo Holdine, Darioen Buchanan, Janay Williams, Kristoffer Wilbanks, Cardell Andry, Johnny Brasley, and Raven Barre are employees or former employees of Defendant Flight Services and Systems, Inc. They allege that Defendant has violated the Fair Labor Standards Act ("FLSA") by failing to pay them mandated minimum and overtime wages.

Two issues have arisen from the extensive discovery conducted in this

matter. First, the parties dispute the confidential designations made pursuant to a protective order of a number of documents produced by Defendant in discovery, including personnel files and proprietary information. Second, Plaintiffs argues that many of the interrogatories propounded on Plaintiffs by Defendant are burdensome, harassing, and overbroad. Motions on both of these issues were addressed by the Magistrate Judge and decided in Defendant's favor, preserving Defendant's confidentiality designations and compelling Plaintiffs' discovery responses.[1] Plaintiffs then filed a Motion for Reconsideration of these decisions.[2] The Magistrate Judge denied Plaintiffs' Motion, holding that Plaintiffs' arguments therein had already been considered in the underlying discovery orders.[3] Plaintiffs now appeal the Magistrate Judge's denial of their Motion for Reconsideration to this Court.

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[4] A magistrate judge is afforded broad discretion in resolving non-dispositive pre-trial matters.[5] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[6] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to

---

[1] Doc. 117.
[2] Doc. 127.
[3] Doc. 142.
[4] 28 U.S.C. § 636(b)(1)(A).
[5] McCallon v. BP Am. Prod. Co., Nos. 05–0597, c/w 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[6] FED. R. CIV. P. 72(a).

law."[7] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[8]

## LAW AND ANALYSIS

In denying Plaintiffs' Motion for Reconsideration of his interlocutory discovery orders, the Magistrate Judge applied the Federal Rule of Civil Procedure 59(e) standard. Rule 59(e) governs motions to alter or amend a final judgment. The Fifth Circuit has recently made clear that it is an abuse of discretion to apply the Rule 59(e) standard to the reconsideration of an interlocutory order.[9] The Fifth Circuit has advised that a Rule 54(b) standard should be applied to motions seeking reconsideration of interlocutory orders.[10]

Rule 54(b) states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[11] "'[T]he power

---

[7] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

[8] Yelton v. PHI, Inc., 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

[9] Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) ("As to Austin's motion for reconsideration, however, the district court applied Federal Rule of Civil Procedure 59(e) when it should have applied Federal Rule of Civil Procedure 54(b). Rule 54(b) is less stringent than Rule 59(e) and does not 'demand more' than what Austin did to warrant reconsideration. The district court therefore abused its discretion by relying on the wrong rule to deny Austin's motion for reconsideration.").

[10] *Id.*

[11] *Id.* (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration' governing final orders.'"[12] Accordingly, this Court finds that the Magistrate Judge erred in applying the wrong standard to Plaintiffs' Motion for Reconsideration.

Even so, however, this Court also finds that such error was harmless. As the Magistrate Judge noted and this Court confirmed, Plaintiffs' Motion for Reconsideration raised few arguments not already addressed or considered by the Magistrate Judge in ruling on the underlying discovery disputes.[13] Even under a Rule 54(b) standard, a court need not rehash arguments it has already considered. Indeed, it cannot be said that the Magistrate Judge committed error in finding that the arguments that he had already considered did not compel him to reverse his prior orders. Accordingly, this Court finds that Plaintiffs have failed to carry their burden to show that the Magistrate Judge's denial of their Motion for Reconsideration was clear error or contrary to law, and reversal is therefore inappropriate.

In fact, Plaintiffs spend their entire motion arguing for reversal of the Magistrate Judge's underlying discovery orders. An appeal of those orders is not, however, properly before this Court and indeed would have been untimely. Even so, this Court has considered the underlying discovery orders issued by the Magistrate Judge and finds no grounds for reversal. The Magistrate Judge appropriately addressed each of Plaintiffs' concerns now before this Court. This Court agrees that Defendant has properly marked the documents at issue as confidential as outlined by the Magistrate Judge. This Court reiterates that

---

[12] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. Appx. 829, 831–32 (4th Cir. 2011)).

[13] *Compare* Doc. 127 *with* Docs. 85, 105.

Plaintiffs are permitted to discuss individual employment records with those employees. As to the breadth of Defendants' interrogatories, this Court agrees that these are "legitimate, relevant and proportional discovery requests for a potential nationwide class under the FLSA."[14] Accordingly, no reversal is warranted.

## CONCLUSION

For the forgoing reasons, the Magistrate Judge's denial of Plaintiffs' Motion for Reconsideration is AFFIRMED.

New Orleans, Louisiana this 10th day of May, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[14] Doc. 142, p.6.

5